No. 15,326.

Goss *v.* Klipfel.
(146 P. [2d] 217)

Decided January 31, 1944.   Rehearing denied February 28, 1944.

Messrs. Langdon & Barbrick, for plaintiff in error.

Mr. CHARLES M. ROSE, Mr. HARRY S. PETERSON, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear in the same order as in the trial court and are hereinafter referred to as plaintiff and defendant respectively. At the general election held November 3, 1942, they were opposing candidates for county commissioner of Pueblo county. The canvassers returned defendant elected by a majority of five votes and he received the certificate. Plaintiff contested and on trial to the court judgment was entered against him. To review that judgment he prosecutes this writ and asks that it be made a supersedeas. The cause was orally argued with the agreement and understanding that it would be finally disposed of on this application. We proceed accordingly.

But four of the errors assigned are argued and to these we confine ourselves: 1. The counting of four ballots in precinct 109; 2. the rejection of one ballot in precinct 36; 3. the rejection of one ballot in precinct 47; 4. the rejection of one ballot in precinct 16.

Because of our conclusions on the foregoing we do not consider the cross assignments, the simple question being who was elected, not what was his majority.

1. The four questioned ballots in precinct 109 were those of two men and their wives. They resided and voted for defendant in that precinct, but were registered in precinct 107. It is contended this is a case of non-registration, and, contra, that it is one of defective registration. These voters regularly appeared at the office of the county clerk for registration and there truly answered all the questions called for by the statute and accurately gave the deputy all the information essential for their registration in the proper precinct. Solely by

reason of an error or oversight of the deputy they were registered in 107. Their votes were challenged in 109, but upon the execution of the required affidavit and some telephone conversation with the clerk's office which seemed to verify it, their ballots were received and counted for defendant.

■ ■ We are not here concerned with the dereliction of duty of any official. These ballots having been received and counted, the voters cannot be disfranchised nor defendant deprived of the credit of their ballots because this perfectly lawful result was contributed to by the erroneous action, or failure to act, of officials. We think this simply a case of defective registration for which the voters were neither directly nor indirectly responsible. Had the error been discovered in time, mandamus could have been maintained to correct it. The assignment is not well taken. *People ex rel. v. Earl,* 42 Colo. 238, 94 Pac. 294. "One who has performed every act required of her cannot be disenfranchised because of irregularities or mistakes of election officials." *Bullington v. Grabow,* 88 Colo. 561, 567, 298 Pac. 1059.

A number of authorities are cited to the contrary, most of these being in other jurisdictions. We do not analyze them or attempt any distinction or reconciliation because we think the point settled here by the foregoing.

■ 2. Sisters Leo Marie and Michael Maloney were members of the "Order of Sisters of Charity" of Cincinnati, Ohio, and as such were employed in the operation of "St. Marys," a large hospital in Pueblo which served the general public. The former registered the latter and she voted for plaintiff. The ballot was excluded and it is contended that, since these women lived together in a community, that community, within the meaning of the statute, was a family, hence the registration was valid and the ballot legal. The applicable statute is section 6, chapter 103, page 340, Laws 1939. It provides that in certain circumstances, such as here

90

appear, "any elector * * * may register any member * * * of his family." There are many definitions of the word "family" which could have no possible application here. No authority in point is cited in the briefs, but we think a casual consideration will demonstrate that if the statute be construed to validate this registration the door will be opened to numerous instances clearly beyond the spirit and intent of the act. The holding of the trial court was correct.

3. The ballot of Mary Bianchi was cast for plaintiff in precinct 47, but rejected because she was illegally assisted in marking it. Whether she was assisted was a question of fact upon which the evidence was conflicting. Under the well known rule in such cases the finding of the trial court must stand.

4. In precinct 16 a ballot was found in the box, marked in pencil, with a cross after plaintiff's name. It had not been counted and no reference was made to it in the records. It was not folded as required to be inserted if voted, the "duplicate stub" was not detached, and it was unnumbered. We think it evident that it was neither cast nor counted and had it been would have been rendered illegal by reason of the facts above recited. It was therefore properly excluded.

Finding no reversible error in the record the judgment is affirmed.